PATRICK DUFFY v. OLIVER BROTHERS ET AL.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
NO. 2 OF ALLEGHENY COUNTY.

Argued November 5, 1889—Decided January 6, 1890.

A recovery of damages cannot be had by an employee from his employer,
for an injury caused by the negligence of a co-employee, engaged in
the same common work and performing duties and services for the same
general purposes: New York etc. R. Co. v. Bell, 112 Pa. 409.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 209 October Term 1889, Sup. Ct.; court below, No. 489
April Term 1887, C. P. No. 2.

On April 1, 1887, a summons in case was served in an action
brought by Patrick Duffy against Henry W. Oliver, Jr., David
B. Oliver, James B. Oliver and John Phillips, partners under
the firm name of Oliver Brothers & Phillips, to recover dam-
ages for personal injuries. The statement of claim averred
that on December 8, 1886, the plaintiff was working in defend-
ants' mill as a laborer; that upon that day the general manager
of the defendants' works, with a number of men working under
him, was making some experiments with melted metal, near
where the plaintiff was working, and while so engaged a bucket
full of some fluid was thrown into the melted metal, which
caused an explosion, and some of the hot substance flew into
the face of the plaintiff and put out one of his eyes, and he was
likely to lose the other. Issue.

At the trial on October 17, 1887, before EWING, P. J., the
plaintiff adduced testimony to show that the fluid thrown into
the melted metal was a mixture of water and brick dust, and
that it had been thrown into the moulds by the direction of a
Mr. Bryant, who at the time had charge of the operations of
the mill.

D. B. Oliver, called for cross-examination, testified that he
was general manager of the mill in which the accident occurred;
that in his absence Mr. Bryant acted in his place, as a manager

or foreman of the steel department; that the foremen, including Mr. Bryant, were under the directions of the witness; that the plaintiff was a laborer, paid by the firm by the day; and that in the absence of the witness, Mr. Bryant would act in his place, in the ordinary processes of the mill.

At the close of the plaintiff's case, the court, EWING, P. J., on motion entered judgment of nonsuit, with leave, etc. A rule to show cause why the judgment should not be lifted having been discharged, the plaintiff took this appeal specifying the orders entering the judgment of nonsuit and discharging the rule to lift the judgment for error.

*Mr. A. M. Imbrie* (with him *Mr. William Reardon* and *Mr. Thomas M. Marshall*), for the appellant:

Mr. D. B. Oliver, a member of the firm, had general supervision over all the different establishments. There was a manager for each mill. Bryant was the manager of the steel works, and had general control over the business of the mill; not merely over a certain class of workmen. This, we think, brings this case within the rule laid down by this court in New York etc. R. Co. v. Bell, 112 Pa. 409: " The subordinate must have general power and control over the business, not a mere authority to superintend a certain class of work or a certain gang of men." We therefore submit that the court erred in granting a compulsory nonsuit.

*Mr. W. B. Rodgers*, for the appellees:

The testimony shows that Bryant was a subordinate, being a foreman under Mr. Oliver, the general manager, and, when Mr. Oliver was absent from the steel mill, continuing the operations of the mill as any foreman would do. The case falls far short of what is required to make Bryant a vice-principal, viz.: Oliver Brothers & Phillips placing the entire charge of their business, or a distinct branch of it, in the hands of an agent or subordinate, exercising no discretion or oversight of their own: New York etc. R. Co. v. Bell, 112 Pa. 409. The case is one where Bryant and Duffey were " in the employment of the same master, engaged in the same common work and performing duties and services for the same general purposes: " Lehigh V. Coal Co. v. Jones, 86 Pa. 432.

Per Curiam:

This case is ruled by New York etc. R. Co. v. Bell, 112 Pa. 400, and does not require discussion.

Judgment affirmed.