## Spees *v.* Boggs.

*Negligence—Evidence—Master and servant.*

Except in the case of a carrier the rule is uniform, that where recovery is sought on the ground of negligence of the defendant, the burden of proof is on the plaintiff, and in an action against an employer some specific act of negligence must be shown.

*Negligence—Master and servant—Fellow-servants—Elevator boy and employee in tailoring department of dry goods store.*

A girl employed in the tailoring department of a dry goods store is a fellow-servant of a boy employed in the same store to run an elevator set apart for the use of employees in going to and from their work and in going from one floor of the building to another as their duties required.

To constitute two persons fellow-servants, it is sufficient if they are in the employ of the same master, engaged in the same common work, and performing duties and services for the same general purpose.

*Negligence—Master and servant—Elevators—Fellow-servants—Evidence —Province of court and jury.*

In an action by a girl employed in the tailoring department of a dry goods store against her employer to recover damages for personal injuries, it appeared that the plaintiff was injured while riding in a passenger elevator provided for the use of employees. The elevator did not fall, nor did it appear that anything connected with it broke or was out of repair. For some reason wholly unexplained, the boy in charge of the elevator failed to stop it at the first floor, and it passed without any slackening of its speed to the basement of the building where it struck the floor with considerable force, injuring the plaintiff. The elevator had been inspected a few hours before the accident and found to be in good condition, and was in good condition immediately after the accident. There had been no trouble with the elevator during the preceding year. After the accident a device which acted automatically to check the speed of the elevator if it became too great, was adjusted. The boy in charge of the elevator was eighteen years old, had been fully instructed in his duties and had operated the elevator three months. *Held*, that there was no evidence of defendant's negligence to submit to the jury.

Argued Oct. 23, 1900. Appeal, No. 81, Oct. T., 1900, by defendants, from judgment of C. P. No. 2, Allegheny Co., July T., 1898, No. 560, on verdict for plaintiff, in case of Clara Spees *v.* R. H. Boggs and Henry Buhl, trading as Boggs & Buhl. Before McCollum, C. J., Mitchell, Fell, Brown, Mestrezat and Potter, JJ. Reversed.

Trespass for personal injuries. Before White, P. J.

The facts are fully stated in the opinion of the Supreme Court.

Defendants presented the following point:

1. That under the pleadings and evidence in this case the verdict of the jury should be in favor of the defendants. *Answer :* Refused.

Verdict and judgment for plaintiff for $7,500. Defendants appealed.

*Error assigned* among others was the answer to defendants' point.

*Edwin S. Craig,* for appellants.—Employers are not insurers.

They are liable for the consequences, not of danger, but of negligence, and the unbending test of negligence in methods, machinery and appliances is the ordinary usage of the business: Keenan v. Waters & Son, 181 Pa. 247; Leonard v. Herrmann, 195 Pa. 222; Titus v. Bradford, etc., R. R. Co., 136 Pa. 618; Service v. Shoneman, 196 Pa. 63; Wojciechowski v. Spreckels's Sugar Refining Co., 177 Pa. 57; Higgins v. Fanning & Co., 195 Pa. 599; Mensch v. Penna. R. Co., 150 Pa. 598.

In order that workmen should be fellow-servants within the meaning of the rule that a master is not responsible to a servant for an injury caused by his fellow-servant, it is not necessary that the workman causing, and the workman sustaining, the injury, should both be engaged in the same particular work: Lehigh Valley Coal Co. v. Jones, 86 Pa. 432; Reading Iron Works v. Devine, 109 Pa. 246; Northern Pacific R. R. Co. v. Hambly, 154 U. S. 349.

*S. Schoyer, Jr.,* with him *S. B. Schoyer* and *W. L. Kaufman,* for appellee.—The falling of a passenger elevator while in transit carrying passengers, is so unusual, so entirely alien to the purpose and intent of it to carry passengers safely, that the conclusion is irresistible that the falling was due to negligence, want of care, or some derangement or lack of proper inspection of the machinery: McGroarty v. Wanamaker, 187 Pa. 132; McGregor v. Reid, Murdoch & Co., 178 Ill. 464.

The duty of the master to his servant in the matter of providing safe machinery and appliances is well settled: Pennsylvania, etc., Canal & R. R. Co. v. Mason, 109 Pa. 296; O'Donnell v. Allegheny Valley R. R. Co., 59 Pa. 239; Leland v. Hearn, 49 App. Div. Rep. (N. Y. Sup. Ct.) 111.

OPINION BY MR. JUSTICE FELL, January 7, 1901:

The plaintiff while in the employ of the defendants was injured while riding in a passenger elevator provided for the use of employees in their store. The elevator did not fall. It appeared from the undisputed testimony that nothing connected with it broke or was out of repair. For some reason wholly unexplained, the boy in charge of the elevator failed to stop it at the first floor, and it passed without any slackening of its speed to the basement of the building, where it struck

the floor with considerable force. The elevator was inspected regularly once a week, and it had been inspected a few hours before the accident and found to be in good condition. It was in good condition immediately after the accident. The plaintiff produced testimony to show that the elevator had failed to stop or had slipped at other times, but was unable to fix a time which was within a year of the accident, and the slipping at other times was not shown to have resulted from defective construction or from want of repair. The only prior time when there had been trouble with the elevator which was fixed with any degree of certainty was a year before. The boy in charge was then cautioned by the manager of the store and there had been no further difficulty in the management of the elevator until the happening of the accident in which the plaintiff was injured. After the accident a device which acted automatically to check the speed of the elevator if it became too great was so adjusted that the safety clutches would be thrown out six inches or a foot higher in the elevator shaft. The boy in charge of the elevator was eighteen years of age. He had been fully instructed in his duties and had operated the elevator three months. No question as to his competency was raised.

The safety device was intended to operate automatically in case of excessive speed of the elevator resulting from the breaking of the machinery or its failure to operate. It was not intended to check the usual speed of the elevator as it descended from floor to floor of the building, and that was the only speed in the case. The elevator did not stop at the first floor, but went on down to the basement with the same or possibly a slightly increased speed. The adjustment of the device after the accident to cause it to act under a less degree of speed may have been a wise precaution against the neglect of the operator, but it was not evidence of defective original construction or of want of proper inspection.

Under the facts developed at the trial a verdict cannot be sustained against the defendants without making them insurers of the safety of their employees. The learned judge stated that there was no direct testimony that the elevator was in any way defective, but he placed on the defendants the burden of relieving themselves of the imputation of negligence by explaining the cause of the accident, and he made

them responsible for the negligence of the boy who operated the elevator, by instructing the jury that he and the plaintiff were not coemployees.   In both of these rulings there was error.   Even in exceptional cases where the conditions are so obviously dangerous as to give rise to an inference of negligence, the burden thrown on the defendant is not that of satisfactorily accounting for the accident, but that of showing that he used due care.   In such cases negligence is not presumed, but the circumstances are held to be evidence from which the jury may infer negligence: Stearns v. Ontario Spinning Co., 184 Pa. 519; East End Oil Co. v. Penna. Torpedo Co., 190 Pa. 350.   The gist of the action was negligence, and the plaintiff in order to recover was required to prove it.   The mere happening of the accident did not raise a presumption that the machinery was unsafe or defective.   Except in the case of a carrier, the rule is uniform that where recovery is sought on the ground of negligence of the defendant, the burden of proof is on the plaintiff, and in an action against an employer some specific act of negligence must be shown: P. & R. R. R. Co. v. Hughes, 119 Pa. 301; Pawling v. Hoskins, 132 Pa. 617, Mixter v. Imperial Coal Co., 152 Pa. 395; Wojciechowski v. Spreckels's Sugar Refining Co., 177 Pa. 57; Higgins v. Fanning & Co., 195 Pa. 599.   In Mixter v. Coal Co., supra, it was said: "The plaintiff was an employee of the defendant company and was claiming to recover damages of his employer for personal injuries received in the course of his employment.   We have many times held in such cases that the mere fact of the accident is not enough to establish negligence."

The plaintiff and the elevator boy were fellow-servants, within the rule that exempts the employer from liability.   The former was employed to work in the tailoring department of a dry goods store, and the latter to run an elevator which was set apart for the use of employees in going to and from their work and in going from one floor of the building to another as their duties required.   They were employed by the same person, were under the same general control, and were engaged in the same general work.   They come clearly within the definition of fellow-servants given in Lehigh Valley Coal Co. v. Jones, 86 Pa. 432, and repeated in Keystone Bridge Co. v. Newberry, 96 Pa. 246, New York, Lake Erie & Western R. R. Co. v. Bell,

112 Pa. 400, Duffy v. Oliver, 131 Pa. 203, and other cases: " The question arises, who are fellow-servants in contemplation of law. To constitute such they need not at the time be engaged in the same particular work. It is sufficient if they are in the employ of the same master, engaged in the same common work, and performing duties and services for the same general purpose."

The judgment is reversed.