# McHugh, Appellant, v. Jones & Laughlin Steel Company.

*Negligence—Master and servant—Fellow servant—Mistake of judgment —Dynamite—Explosion.*

An employer who uses dynamite in his business is bound to furnish a competent and experienced man to superintend the handling and management of such dangerous explosive, but if he does so, he is not bound to supervise every detail of the judgment exercised by the competent person whom he has placed in charge of the work. If such person makes a mistake of judgment resulting in an explosion, and another employee is injured, the employer is not liable for such injuries.

*Negligence—Master and servant—Extension of liability of employer— Statutes—Act of June 10, 1907, P. L. 523.*

The Act of June 10, 1907, P. L. 523, extending and defining the liability of employers in certain cases is not retrospective, and has no application to a cause of action which had its inception prior to the passage of the act.

Argued Nov. 13, 1907. Appeal, No. 196, Oct. T., 1907, by plaintiff, from judgment of C. P. No. 3, Allegheny Co., Feb. Term, 1905, No. 415, on verdict for defendant in case of James P. McHugh v. Jones & Laughlin Steel Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before KENNEDY, P. J.

The facts are stated in the opinion of the Supreme Court.

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*Wm. A. Hudson,* with him *Joseph Howley,* for appellant.— The case was for the jury: Lee v. Woolsey, 109 Pa. 124.

The act of June 10, 1907, is retrospective and applies to this case: Fisher v. Hestonville, Mantua, etc., Pass. Ry. Co., 185

Pa. 602 ; Cronrath v. Border, 27 Pa. Superior Ct. 15 ; Kille v. Reading Iron Works, 134 Pa. 225 ; Lane v. White, 140 Pa. 99 ; Endlich's Interpretation of Statutes, sec. 273.

*William A. Challener*, with him *Clarence Burleigh* and *James C. Gray*, for appellee.

OPINION BY MR. JUSTICE POTTER, January 6, 1908 :

The trial judge in this case gave binding instructions in favor of the defendant company. The negligence charged, was the employment of an inexperienced man, one John Noble, who was alleged to have been without training or experience in handling dynamite, and in blasting therewith. But the evidence entirely failed to make good the charge of incompetency in this respect. On the contrary, it appeared that Noble was a man of large experience in the handling of this particular explosive, and that during a period of twenty-five years in which he had been engaged from time to time in using dynamite for blasting, in a similar way, no accident had occurred.

He was, and for years had been, the person regularly employed by the company as a dynamiter, when the use of that explosive was occasionally necessary, in cleaning out the solid slag and refuse metal deposited in the bottom of the blast furnace, which solidifies there when the furnace is allowed to go out of blast. There is no question either, under the evidence, but that Noble was in charge of the work at the time of this accident. If there was any error in judgment, in placing the dynamite in the holes bored in the slag before it was sufficiency cool, that error was chargeable to Noble. For such an error of judgment upon his part, the defendant company could not, under the well-settled rules of the law of negligence, be held responsible. The employment which made necessary the use of explosives was in its very nature a dangerous one. The liability of dynamite to explode at the wrong time and place, is a subject of the most common knowledge and observation, and the risk from that danger is always assumed by one who enters a service requiring the use of a high explosive. The defendant company was bound to furnish a competent and experienced man to superintend the handling and management of this dangerous element, but having done

so, it was not bound to supervise every detail of the judgment exercised by the competent person whom it had placed in charge of that work. It is one of the frailties of human nature that repeated immunity from danger, is apt to dull the sense of caution. That may have been the case here. The lamentable accident which caused the loss of the life of Noble, the skilled man in charge, and the severe injury to the plaintiff, may have been the result of undue confidence upon the part of Noble; but if so the fault was his own, and its consequences cannot be visited upon the defendant company. The accident which is the basis of this suit, happened upon September 30, 1904, and the trial of the case was finished and verdict entered for defendant on September 28, 1906. It is suggested that in case of a new trial, the Act of assembly of June 10, 1907, P. L. 523, extending and defining the liability of employers in certain cases, has some bearing on this case; but as that statute is not retrospective in its terms, it can have no application to the present cause of action, which had its inception more than two years before the passage of the act.

The judgment is affirmed.