# Staebler, Appellant, v. Warren-Ehret Company.

223  129
d226  1347

*Negligence—Master and servant—Vice principal—Foreman—Safe place to work.*

1. A vice principal, for whose negligence an employer will be liable to other employees, must be either one in whom the employer has placed the entire charge of the business, or of a distinct branch of it, giving him not merely authority to superintend certain work or certain workmen but control of the business, and exercising no discretion or oversight of his own; or, secondly, one to whom he delegates a duty of his own which is a direct, personal and absolute obligation, from which nothing but performance can relieve him.

2. The power to hire and discharge men is a circumstance to be considered in determining whether an employee is a vice principal, but the

mere power to hire or discharge does not make a vice principal except as to the nondelegable duty of selecting competent servants.

3. A mere authority to superintend a certain class of work or a certain party of men does not make a vice principal.

4. The duty to provide a safe place in which to work does not extend to the guarding of each place to which workmen may be sent to do a particular piece of work. The employer's duty is performed by providing adequate means of making the place reasonably safe. He is not required to supervise the details of the work and he is not responsible for an error of judgment by a competent foreman who is in charge of the work.

5. In an action against a roofing company to recover damages for death of a roofer, it appeared that the deceased was sent with other men under a foreman to put a tar roof on a car barn. The defendant had provided rubber shoes for the men, and guard rails to be fastened to the edge of the roof. The deceased started to put up the guard rails, but was stopped by the foreman who told him to go on with the work of laying the roof, that the roof was safe without guard rails, but that he would put them on after the first sheet of paper had been laid. The deceased worked an hour and a half on the roof when he slipped and fell off the edge. It appeared that the foreman worked with the other men, and that they followed his directions. He was also empowered to hire and discharge men, but it was not shown that he had ever done either. *Held*, that a nonsuit was properly entered.

Argued Oct. 22, 1908. Appeal, No. 118, Oct. T., 1908, by plaintiff, from order of C. P. No. 3, Allegheny Co., Nov. T., 1905, No. 486, refusing to take off nonsuit in case of Mary Staebler, Executrix of Xavier Staebler, deceased, v. Warren–Ehret Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass by Xavier Staebler to recover damages for personal injuries. Before KENNEDY, P. J.

From the record it appeared that the plaintiff died pending the suit, and that his executrix was substituted as plaintiff of record.

The circumstances of the accident are stated in the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*H. Fred Mercer*, for appellant.—It is a well-settled rule of law that the master must adopt, provide and maintain reasonably suitable instruments and means with which to carry on his business, so that his servant may perform his duties with relative safety and without exposure to dangers which are not reasonably incident to his employment: Rummell v. Dilworth, 111 Pa. 343; Lewis v. Seifert, 116 Pa. 628; Trainor v. R. R. Co., 137 Pa. 148; Ross v. Walker, 139 Pa. 42; Lillie v. American Car & Foundry Co., 209 Pa. 161; Schiglizzo v. Dunn, 211 Pa. 253; Gilbert v. Elk Tanning Co., 221 Pa. 176; Provost v. Ice, etc., Co., 185 Pa. 617; Bennett v. Standard Plate Glass Company, 158 Pa. 120; Smith v. Tube Company, 183 Pa. 485; Casey v. Paving Company, 198 Pa. 348.

The case was for the jury: Schiglizzo v. Dunn, 211 Pa. 253; Maines v. Harbison-Walker Co., 213 Pa. 145.

*Wm. S. Dalzell*, of *Dalzell, Fisher & Hawkins*, for appellee, cited: Prevost v. Citizens' Ice, etc., Co., 185 Pa. 617.

Opinion by Mr. Justice Fell, January 4, 1909:

Xavier Staebler was a roofer who had been in the employ of the defendant two years before the accident which resulted in his injury. He was sent with four other men to put a tar roof on a car barn. These men were all under the charge of Ewing, a foreman. The defendant had provided rubber shoes for the men to wear and guard rails to be fastened to the edge of the roof, when necessary to secure their safety. Soon after the men went on the roof, Staebler proceeded to put up the guard rails but was stopped by Ewing, who told him to go on with the work of laying the roof, that the roof was safe without guard rails, but that he would put them on after the first sheet of paper had been laid. Staebler worked an hour and a half on the roof, when he slipped and fell off the edge. The negligence alleged was the failure to place guard rails on the roof.

Unless Ewing was a vice principal for whose negligence his employer could be held responsible, the plaintiff's case was not made out. He was not in any sense a vice principal. The testimony was that Ewing had charge of the work of putting on

this roof, and that the other workmen received orders from him and followed his directions. He worked with the men under him and did the same kind of work, and at the time of the accident he was engaged in tacking paper on the roof. His duty was to work with the men under him and to see that they did their work properly on a particular piece of work to which he was sent. "A vice principal, for whose negligence an employer will be liable to other employees, must be either one in whom the employer has placed the entire charge of the business, or of a distinct branch of it, giving him not merely authority to superintend certain work or certain workmen but control of the business, and exercising no discretion or oversight of his own: N. Y., L. E. & W. Railway Co. v. Bell, 112 Pa. 400; or, secondly, one to whom he delegates a duty of his own which is a direct, personal and absolute obligation, from which nothing but performance can relieve him: Lewis v. Seifert, 116 Pa. 628; Ross v. Walker, 139 Pa. 42; Prescott v. Ball Engine Co., 176 Pa. 459:" Prevost v. Citizens' Ice, etc., Co., 185 Pa. 617. It was testified that Ewing had power to hire and discharge men, but it was not shown that he had ever done either. The power to hire and discharge men is a circumstance to be considered in determining whether an employee is a vice principal, but the mere power to hire or discharge does not make a vice principal except as to the nondelegable duty of selecting competent servants: 26 Cyc. 1315; nor does "a mere authority to superintend a certain class of work or a certain party of men:" N. Y., L. E. & W. Railway Co. v. Bell, 112 Pa. 400.

The duty to provide a safe place in which to work, to which much of the appellant's argument is directed, does not extend to the guarding of each place to which workmen may be sent to do a particular piece of work. The employer's duty is performed by providing adequate means of making the place reasonably safe. He is not required to supervise the details of the work and he is not responsible for an error of judgment by a competent foreman who is in charge of the work: Durst v. Steel Co., 173 Pa. 162; McHugh v. Steel Co., 219 Pa. 644.

The judgment is affirmed.