# Clader *v.* Gangewere, Appellant.

*Negligence—Master and servant—Safe place to work—Varying changes—Contributory negligence—Risk of employment.*

A master is required to furnish suitable materials to construct a runway or scaffolding on which his employee is required to work, and if through a vice-principal he assumes the work of constructing it, he must do so in such manner as to make it safe for those who work about it; but where he has once constructed it, and the workmen, or other unauthorized persons see fit to make changes in the construction, the master is not bound to follow up these various changes.

Where an employee sees an obvious and dangerous defect in a runway on which he is obliged to work and calls his foreman's attention to it, and the latter says that he will see it fixed, and the employee on going to his work two days afterwards sees that nothing has been done to remedy the defect, but nevertheless resumes his work, and is injured by reason of the defect, he will be held to assume the risk and cannot recover from his employer for the injuries which he sustained.

Argued Dec. 9, 1915. Appeal, No. 254, Oct. T., 1915, by defendant, from judgment of C. P. Lehigh Co., June T., 1911, No. 3, on verdict for plaintiff in case of William J. Clader v. William H. Gangewere. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON and KEPHART, JJ. Reversed.

Trespass to recover damages for personal injuries. Before STAPLES, P. J., specially presiding.

At the trial it appeared that on May 16, 1910, the plaintiff, a hod-carrier, fell from a runway or scaffolding around the building on which he was working. The circumstances of the accident are set forth in the opinion of the Superior Court.

The court refused binding instructions for defendant (7).

Verdict and judgment for plaintiff for $795.55. Defendant appealed.

174, (1916).] Assignment of Error—Opinion of the Court.

*Error assigned* was (7) refusal of binding instructions for defendant.

*Thomas F. Diefenderfer,* for appellant.

*Ralph H. Schatz,* with him *Arthur G. Dewalt,* for appellee.

OPINION BY KEPHART, J., April 17, 1916:

Plaintiff was injured while at work on a runway used in connection with the construction of a building. His duty was to carry materials up a ladder to the runway and deliver them to the masons employed on the work. While thus engaged, one of the boards of the runway, or close by the runway, broke, causing him to fall to the ground below, where he received injuries. The evidence to establish defendant's liability is very meager. It was hardly sufficient to submit the case to the jury on the question as to whether the contract was with defendant or a man by the name of Koch. Plaintiff relied on some bills made by the defendant to the owner of the building, which covered the work upon which the plaintiff was injured. The defendant, when called by the plaintiff on cross-examination concerning the bills, explains that he was requested by the owner to advance the money necessary to pay for the work done on the foundation walls. That he knew nothing about the additional work of building the walls upon which the plaintiff was injured. That at no time did he exercise control over any part of the work in any capacity, and the bills relied on by the plaintiff represented the money advanced and the purpose for which it was advanced. Defendant and the owner of the building state with whom the contract was made. Defendant's witness, Fetter, the foreman, states they were in the employ of Koch. The burden was on the plaintiff to show by whom he was employed. The evidence shows a lending of money to cover labor and material at a certain per cent., and a checking

up of these items by the owner. Bills for these items covering the amounts advanced were presented, for which notes were given. The evidence does not show contractual liability.

But we need not rest our determination of the case on this lack of proof. Assuming that this evidence was for the jury, we are satisfied that the plaintiff cannot recover.

The master was required to furnish suitable materials to construct this runway, and if through a vice-principal he assumed the work of constructing it he must do so in such manner as to make it safe for those who work about it. But where he has once constructed it, and the workmen, or other unauthorized persons, see fit to make changes in this construction, the master is not bound to follow up these various changes: Schneider v. Quartz Co., 220 Pa. 548; Demby v. Atkins, 61 Superior Ct. 538. The runway, from Fetter's testimony, was properly constructed. It was of two board thickness; there were knots in the boards, but the plaintiff in describing his accident, states that he did not fall through the runway that had two board thickness, but fell where there was one board thickness. As the runway was constructed of two board thickness, it must have been subsequently changed by those engaged about the work. The work was of changing character. One of the plaintiff's witnesses states that he was not injured by stepping on a board on the runway, but that when he reached the top of the ladder and he stepped off the ladder to the runway, he struck one of the uprights, throwing him back, causing him to step on a single board outside of the runway, which broke and precipitated him to the ground. Of course, if this were the cause of the accident, the master would not be responsible as it would have been an unforeseen danger.

When the runway was used on the opposite side of the building, and while he was at work, he noticed the condition of these planks and he called the foreman's at-

tention to their condition, saying that they were unsafe and that they should be fixed; he admits that the same planks were taken from that place and used to form the runway on which he was injured. He went over the runway once that morning and again saw the condition of the plank. As he stated to the court, the knot was as big as his head. In fact, the plaintiff and some of his witnesses agree that it was a plain and obviously dangerous place to work. Taking his version of how the accident occurred, it is evident he voluntarily assumed the risk of going over this plank, knowing when he did it that it was unsafe and insecure. "The servant, or employee, assumes the risk of all dangers, however they may arise, against which he may protect himself by the exercise of ordinary observation and care. Furthermore, the master's liability arises from the fact that he subjects his servant to dangers which in good faith he ought to provide against, but he is not responsible for those dangers to which the servant voluntarily subjects himself, though he does so without carelessness or breach of duty": Pittsburgh & Connellsville Railroad v. Sentmeyer, 92 Pa. 276.

The fact that the foreman said to him that he would see that it was fixed would not excuse the plaintiff from taking a risk which he knew existed and could easily have avoided. His complaints were made on the preceding Saturday, and on the morning of the accident. He knew the condition of the runway, and the alleged defective character of the boards. He did not rely on the judgment or assurances of somebody else, but "on the contrary, the appellant's own testimony shows that, after he had called the foreman's attention to the conditions which subsequently led to his injury, and the latter had agreed with him concerning the apparent danger, stating he would have the cause of it removed, he, the plaintiff, knowing full well that, despite this statement of the foreman, the latter had done nothing whatever to stop (remove) the danger, and that it still threatened, stayed at his work. In other words, the plaintiff, knowing and

appreciating the hazard of the situation, remained where
he was, took his chances, and was injured; under these
circumstances he had no right to recover against the de-
fendant": Crimmins v. Farquhar, 250 Pa. 570.

It is only necessary to sustain the seventh assignment
of error.   The judgment is reversed.