## Neri *v.* Atlantic Refining Co., Appellant.

*Negligence—Master and servant—Safe place to work—Notice to employer—Assumption of risk—Voluntary act to save another.*

Where an employee sees an obvious and dangerous defect in a runway on which he is obliged to work and calls his foreman's attention to it, and the latter says that he will see that it is fixed, and the employee on going to his work two days afterward sees that nothing has been done to remedy the defect, but nevertheless resumes his work, and is injured by reason of the defect, he will be held to assume the risk, and cannot recover from his employer for the injury which he has sustained. In such a case it is immaterial that the injury was sustained by reason of the workman stopping his wheelbarrow on the decline of the runway in order to save another workman from injury.

While one who voluntarily incurs peril caused by the negligence of another in order to save the life of one imperiled by the same negligence, is not debarred from recovery upon the ground of his own contributory negligence, such a right cannot be successfully urged where the plaintiff's own testimony shows that the proximate cause of his injury was his voluntary act, independent of his duty to his employer, and without any negligence of the employer.

Argued Nov. 3, 1916. Appeal, No. 212, Oct. T., 1916, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Sept. T., 1915, No. 2462, on verdict for plaintiff in case of Augusto Neri v. Atlantic Refining Company. Before ORLADY, P. J., PORTER, HEAD, TREXLER and WILLIAMS, JJ. Reversed.

Trespass to recover damages for personal injuries. Before WESSEL, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,500. Defendant appealed.

*Error assigned* was in refusing motion for judgment for defendant n. o. v.

*Alex. Simpson,* of *Simpson, Brown & Williams,* for appellant, cited: Penna. R. R. Co. v. Kerr, 62 Pa. 353; Allegheny City v. Zimmerman, 95 Pa. 287; Wagner v. Jayne Chemical Co., 147 Pa. 475; Hartman v. Reading W. Pulley Co., 38 Pa. Superior Ct. 587; Clader v. Gangewere, 63 Pa. Superior Ct. 174.

*Lionel Teller Schlesinger,* with him *Arthur R. Hess,* for appellee, cited: Anderson v. Keystone Type Foundry, 253 Pa. 510; Bennett v. Standard Plate Glass Co., 158 Pa. 120; Ligon v. Beck Salt Co., 43 Pa. Superior Ct. 583.

OPINION BY ORLADY, P. J., March 7, 1917:

The plaintiff, a laborer in the defendant's plant, was engaged in his regular employment of using a wheelbarrow in bringing coal and an acid-sludge from outside the building to a battery of boilers, and in taking from that station the ashes and waste to another part of the property. The barrow was used upon a runway, made of three planks bracketed together on the under side; it was about fifteen feet in length; built so as to be on an incline of from four to five feet in height at the outside of the building, to the ground level at the boilers on the inside. A few days before the accident happened, the lower section of the runway was broken by one of the workmen, when one board was substituted for the three or two that had been formerly used. Two nights before the accident, the plaintiff made complaint to the night foreman of the shortened and narrow end of the runway, and was told "All right, I will have it fixed by the day foreman," but no change was made. The acid-sludge, on account of leaks in the iron barrow, or of spilling over the sides, caused the runway to be in a slippery and greasy condition, and the lower part was made so narrow that he was obliged to put one foot in front of the other. On going down the incline with the wheelbarrow, which he had loaded with 400 to 500 pounds of the

sludge, he noticed a fireman working at the boilers that were located three or four feet to the left of the runway, and as he states, "The barrow was still on the board when I attempted to stop it, so it would not break Steve's leg. I turned it quickly and it went over in that direction, and I slipped. I was near the end, and the wheelbarrow slipped and went toward the boilers, and I slipped also and went down. I slipped with the right foot, the left foot bent under me and I broke it."

The sole contention of the plaintiff was, that the accident was due to the short, narrowed, greasy runway, and it was for the jury to decide whether the defendant was or was not negligent in maintaining it in that condition. The defendant urges that the undisputed facts show the proximate cause of the accident to be the intentional and deliberate stopping by the plaintiff of the wheelbarrow, and turning it off the runway so as to avoid anticipated injury to his fellow workman, and, that, even if the slippery condition of the runway was an inducing cause of the accident, the plaintiff had full knowledge of this condition, and had used it in safety for "hundred of times." While he had made complaint of the condition of the runway, his objection was confined to its being narrowed, through substituting one board for two, or possibly three, and not to its slippery condition. Inasmuch as the plaintiff was familiar with and had used in safety the same appliance with full knowledge of its open and obvious condition, he must be held to have assumed the natural and reasonable risk incident to using it in the manner he did.

The duty of providing a safe place in which to work, does not extend to the guarding of each place to which workmen may be sent to do a particular piece of work. The employer's duty is performed by providing adequate means of making the place reasonably safe. He is not required to supervise the details of the work: Staebler v. Warren-Ehret Company, 223 Pa. 129. Where an employee sees an obvious and dangerous defect in a run-

way on which he is obliged to work and calls his foreman's attention to it, and the latter says that he will see that it is fixed, and the employee on going to his work two days afterward sees that nothing has been done to remedy the defect, but nevertheless resumes his work, and is injured by reason of the defect, he will be held to assume the risk, and cannot recover from his employer for the injury which he has sustained: Clader v. Gangewere, 63 Pa. Superior Ct. 174; Ross v. Walker, 139 Pa. 42.

The plaintiff's duties were clearly defined, the place and appliances were supplied by the employer. If it was dangerous for the plaintiff to wheel the loaded barrow down a single, greasy plank, the danger was more obvious to the man who did it many times each night than to the employer; he knew the exact conditions of the place, and the work expected of him, and when he continued to use the plank, as he had safely done in the past, his judgment at that time was, that it was reasonably safe to do so. He frankly states his only purpose in stopping on the decline, was to avoid injuring the fireman, and his own injuries resulted from this act. Is this motive, however praiseworthy in the plaintiff, a sufficient basis for fixing the employer with liability in damages for the injury sustained in this optional service? Is such an act, voluntarily done, so directly connected with his employment that the employer can be held to have anticipated or approved it in the general conduct of the business? The plaintiff diverged from the plan arranged for his work to undertake a personal mission of his own, and the resulting misventure was the consequence of the emergency he induced. On the plaintiff's own showing, he did not consider the risk an imminent one, and without his introduction of the added hazard in attempting to stop the wheelbarrow on the greasy incline, there is nothing in the evidence to warrant a doubt but that he would have landed safely at the foot of the runway, as he had on many preceding trips under exactly

similar conditions, as to place, appliance and method of operation. Moreover, the possibility of injury to the fellow workman was purely speculative, as the location of the fireman is not given with certainty and he was at work in his proper place, and familiar with all his surroundings.

As stated in Wagner v. Jayne Chemical Co., 147 Pa. 475, when a servant remains in the service of his master, after he has knowledge of the dangerous condition of the place in which he is engaged, he is presumed to assume the risk of the danger, but this presumption is rebutted if the master promises to repair the defect and the danger is not so obvious or imminent but that negligence can fairly be imputed to the servant for exposing himself to it.

To entitle this plaintiff to recover he must show some inducing negligence on the part of the defendant, and if the proximate cause of this injury was not brought about by the defendant, or if it was induced by the plaintiff, there can be no recovery. The rule is well settled that the injury must be a natural probable consequence of the negligent act without probable foresight, and if the facts as to the cause of injury are not disputed, the question of proximate cause becomes one of law for the determination of the court: Douglass v. New York Cent., Etc., R. R. Co., 209 Pa. 128. If the facts are in dispute, the question of remote or proximate cause must go to the jury; if, however, the facts are undisputed and the inferences to be drawn from them are plain and not open to doubt by reasonable men, it is the duty of the court to determine the question as a matter of law: Gudfelder v. Pittsburgh, Etc., Ry. Co., 207 Pa. 629; Hartman v. Reading W. Pulley Co., 38 Pa. Superior Ct. 587.

So far as the evidence discloses, the runway was properly constructed, and could be safely operated, as was demonstrated by the plaintiff's previous use of it without any accident. By his testimony he relieves the defendant of the charge of negligence, either of construc-

tion or maintenance as charged in his statement of claim, so that it is not necessary to deal with the question of his contributory negligence. Even where an injury is incurred by a chance rescuer, in assuming a danger in a manner or at a place where his presence or conduct was not necessary outside of his employment, it cannot be treated as the proximate cause, where no negligence is shown on the part of the employer, but must be considered the independent act of such individual. Such a person is entitled to commendation if the attempt is not a reckless one, but it does not establish a right to exact damages from an employer who knew nothing of the project.

The primary question involved is the alleged negligence of the defendant; for if it was guiltless of wrong, it is not liable to the plaintiff, no matter how heroically the employee may have assumed danger.

While it has been held, that one who voluntarily incurs peril caused by the negligence of another in order to save the life of one imperiled by the same negligence, is not debarred from recovery upon the ground of his own contributory negligence: Corbin v. Philadelphia, 195 Pa. 461: Such a right cannot be successfully urged where the plaintiff's own testimony shows that the proximate cause of his injury was his voluntary act, independent of his duty to his employer, and without any negligence of the employer.

It is a fundamental principle, applicable alike to breaches of contracts and to torts, that in order to found a right of action, there must be a wrongful act done, and a loss resulting from that wrongful act; the wrongful act must be the act of the defendant and the injury suffered must be the natural and not merely a remote consequence of the defendant's act. The wrong done and the injury sustained must bear to each other the relation of cause and effect; and the damages, whether they arise from withholding a legal right or the breach of a legal duty, to be recoverable, must be the natural and proxi-

mate consequence of the act complained of: Sedg. on Damages, Sec. 31; Bannon v. Penna. R. R. Co., 29 Pa. Superior Ct. 231; Brace v. Kirby, 43 Pa. Superior Ct. 389; McHugh v. Steel Co., 219 Pa. 644.

The judgment is reversed, and now entered in favor of the defendant.