# Meier *versus* The Pennsylvania Railroad Company.

1. Carriers of passengers are liable only for negligence, and are not
insurers of the safety of their passengers as they are as carriers of goods
and baggage of passengers.

2. The carrier is bound to guard the passenger from every danger which
extreme vigilance can prevent.

3. Although carriers of passengers do not warrant *absolute* safety, they
are bound to exercise the utmost degree of diligence and care.

4. The slightest neglect resulting in hurt or loss, against which human
foresight and prudence may guard, renders carriers of passengers liable.

5. Negligence is the ground of liability on the part of a carrier of passen-
gers.

6. The requirement of extreme care does not extend beyond the use of
known machinery and the modes of using it.

7. Railroads must keep pace with science, art and modern improvement
in their application to the carriage of passengers.

8. Prima facie where a passenger on a train is injured without his own

14 P. F. SMITH—15

[Meier *v.* The Pennsylvania Railroad Co.]

fault, there is negligence in the carrier, casting the burden of disproof on the carrier.

9. The carrier may relieve himself by showing that the injury arose from an accident which the utmost skill, foresight and diligence could not prevent.

10. The rule as to carriers of passengers requires that the highest degree of practicable care and diligence should be exercised that is consistent with the mode of transportation adopted, but not every possible preventive which the highest scientific skill might suggest. Per THAYER, J.

11. New Jersey Railroad *v.* Kennard, 9 Harris 203, Laing *v.* Colder, 8 Barr 479, remarked on.

February 11th 1870. Before READ, AGNEW, SHARSWOOD and WILLIAMS, JJ. THOMPSON, C. J., at Nisi Prius.

Error to the District Court of *Philadelphia :* Of July Term 1869, No. 111.

This was an action on the case for negligence, brought February 5th 1868, by Theodore G. Meier against The Pennsylvania Railroad Company.

The plaintiff's case was the following :—

On the evening of February 7th 1867 Theodore G. Meier, the plaintiff in error, took passage on the train of defendants' cars at Jersey City, bound for St. Louis. He occupied the sleeping car, which was the rear car of the train. On the following morning, about eight o'clock, at a point on defendants' road between Tyrone and Altoona—the train running at a speed of twenty-six miles to the hour on an ascending grade—the axle of the forward truck broke in two places. The end of the car then dropped down and slid along the rails. The plaintiff was thrown forward so that his knee caught in the side-rest of the seat, and the ligaments of the right knee-joint were torn, and the bones of his leg were severely bruised.

The defendants proved that new wheels and new axles had been put under the car in October 1866 ; the axles were made at the Sligo Works of Lyon, Shorb & Co., and they were of good quality ; that the train had been inspected seventy miles east of the place of the accident, and again twenty-two miles east of it ; the truck and the road were in good order ; the train running at a proper speed. They gave a large amount of evidence to show that minute and constant care had been exercised to keep the road, apparatus, cars, running gear, &c., in perfect order, and that they employed such appliances, &c., as are approved by the most experienced railroad operators and mechanics ; and gave evidence generally for the purpose of showing that they used the utmost care that human knowledge, skill and foresight could provide, and that the accident was due to some circumstance against which these could not guard.

Under a lucid and exhaustive charge by Judge Thayer, which the Reporter regrets his space will not allow him to give in full, the jury found a verdict for the defendants.

[Meier *v.* Pennsylvania Railroad Co.]

The plaintiff took out a writ of error, and assigned for error, that the judge erred in charging the jury:—

"1. That common carriers of passengers are liable only for negligence; they are not insurers of the safety of their passengers like common carriers of goods. There is a well-established distinction in that respect between the responsibility of the carriers of goods and the responsibility of the carriers of passengers; which distinction is founded in the consideration that in the case of goods committed to a carrier the owner is deprived of all control and custody over them; and also upon the consideration that if the contrary rule prevailed it would enable the carrier of goods to collude with other people for the purpose of depriving the consignor of his rights and his property. But common carriers of passengers are not liable for injuries happening to passengers from unforeseen accidents, where there has been no negligence. They do not undertake absolutely to be responsible for unavoidable accidents; for accidents which, in a word, are not the result of their own negligence.

"2. That the rule in regard to carriers of passengers is this: The utmost care and vigilance is required on the part of the carrier. This rule does not require the utmost degree of care which the human mind is capable of imagining; but it does require that the highest degree of practicable care and diligence should be adopted that is consistent with the mode of transportation adopted. Railway passenger carriers are bound to use all reasonable precautions against injury of passengers; and these precautions are to be measured by those in known use in the same business, which have been proved by experience to be efficacious. The company are bound to use the best precautions in known practical use. That is the rule; the best precautions in known practical use to secure the safety of the passengers; but not every possible preventive which the highest scientific skill might suggest."

3. In affirming defendants' 3d point as follows:—

"If the track of defendants' road and the car which ran upon it, to which this accident occurred, were built and constructed of the best known materials, and in the best known manner, combining all those appliances which men skilled in the art of road-building and car-constructing employ; and if the car and its running gear were duly and carefully inspected from time to time, and as often and in such manner as those skilled in the art have from scientific knowledge and by experience found requisite, so that the jury are satisfied by the evidence that the accident was due to some cause against which precaution and foresight would be unavailable, then there can be no recovery in this case. "

*I. Hazlehurst,* for plaintiff in error.—The relation between the

[Meier *v.* Pennsylvania Railroad Co.]

plaintiff and defendants was a contract by which they engaged to provide a safe railroad, roadworthy cars, and competent management: Sullivan *v.* Railroad, 6 Casey 239. The provisions for the safety of a passenger should be not merely the best that can be procured, but *absolutely* perfect: Derwort *v.* Loomer, 21 Conn. R. 246; Railroad Co. *v.* Kennard, 9 Harris 204. A railroad company is not relieved by proof of ordinary care: Laing *v.* Colder, 8 Barr 479; Penna. Railroad *v.* Aspell, 11 Harris 147; Readhead *v.* Railroad, 2 Queen's B. 412. There is a warranty that the carriage is in every respect roadworthy and fit to perform the journey: White *v.* Boulton, 1 Peake's Cas. 91; Israel *v.* Clarke, 4 Esp. R. 257; Bremner *v.* Williams, 1 Car. & Payne 414; Crofts *v.* Waterhouse, 3 Bing. R. 321; Christie *v.* Griggs, 2 Camp. R. 79; Sharp *v.* Grey, 9 Bing. 331; Alden *v.* Railroad, 26 N. Y. R. 102. Undertaking a service is a consideration to create a duty in the performance of it: Coggs *v.* Bernard, 2 Ld. Raym. 909; Jones *v.* Bright, 5 Bing. 529; Gray *v.* Cox, 4 B. & C. 108; Gardiner *v.* Gray, 4 Camp. 144; Okell *v.* Smith, 1 Stark. 107 (86); Bluett *v.* Osborne, Id. 384 (308); Brown *v.* Eddington, 2 M. & G. 279; Abbott on Shipping 218; Lyon *v.* Mells, 5 East 428; Gibson *v.* Small, 4 H. of L. Cas. 404; Ingalls *v.* Bills, 9 Metc. N. Y. 1; Sherman and Redfield on Negl. 298.

*T. Cuyler*, for defendants in error.—Extraordinary care, and the highest degree of prudence, foresight and precaution, practically applied, constitute the duty of the carrier: 2 Redfield on Railways 170–190. Carriers of passengers are not liable for injuries happening from unforeseen accidents or misfortune where there has been no negligence or default in the driver: Aston *v.* Heaven, 2 Esp. 533; Hall *v.* Steamboat Co., 13 Conn. 326; Boyce *v.* Anderson, 2 Peters 150; Derwort *v.* Loomer, 21 Conn. 245; Hegeman *v.* The Railway, 16 Barb. 353; Caldwell *v.* Murphy, 1 Duer 241; Ingalls *v.* Bills, 9 Metc. 1; Galena and Chicago Railway *v.* Fay, 16 Ill. 558; Wilkie *v.* Bolster, 3 E. D. Smith 327; Chicago & Burl. Railroad *v.* Hazzard, 26 Ill. 373; Tuller *v.* Talbot, 23 Id. 357; Bowen *v.* N. Y. Cent. Railroad, 18 N. Y. 408; Caldwell *v.* Murphy, 1 Duer 241; Curtis *v.* The Rochester and Syracuse Railroad, 18 N. Y. 534; Hollister *v.* Nowlen, 19 Wend. 236; Camden & Amboy Railroad *v.* Burke, 13 Id. 620; Hegeman *v.* Western Railroad, 16 Barb. 353; s. c., 3 Kernan 9; Wilkie *v.* Butler, 4 E. D. Smith 327; Holbrook *v.* The Railroad, 2 Kernan 236.

The opinion of the court was delivered, July 7th 1870, by

Agnew, J.—It is agreed on all hands, says Judge Redfield, in his work on Railways, ed. 1867, p. 174, that carriers of passengers are liable only for negligence either proximate or remote, and

that they are not insurers of the safety of their passengers, as they are as carriers of goods and baggage of passengers. The numerous cases cited from which this result is drawn, justify this statement: Alden v. N. Y. Central Railroad Co., 26 N. Y. 102, holding that a carrier is bound absolutely to provide a safe vehicle, irrespective of any question of negligence, is not in accord with the American cases generally, or the modern English decisions. It is reviewed in Readhead v. Midland Railroad Co., 2 Law Rep. C. B. 412, and therein said not to be founded in good reason. See the cases collected in Shearman & Redfield on Negligence (1869) 299, §. 267.

The language of Judge Gibson, taken from N. Jersey Railroad Co. v. Kennard, 9 Harris 204, that a carrier of either goods or passengers, is bound to provide a carriage or vehicle perfect in all its parts, in default of which he becomes responsible for any loss or injury that may be suffered, has no relation to the question now before us. The case he was considering was that of a car made without guards at the windows to prevent the arms of passengers being thrust out, to their injury, which he considered a defect in the construction of the car, making the carrier liable for negligence. The car was not perfect in its parts as he thought. The car was imperfect in construction and therefore not adapted to the end to be attained, to wit, security. It may not be amiss to say that this opinion of the Chief Justice as to window guards, was not sustained by the court in banc, and has since been overruled in Pittsburg & Connellsville Railroad Co. v. McCleary, 6 P. F. Smith 294. The doctrine we are now asked to sustain, is that though the car is perfect in all its parts, if imperfect from some latent and undiscoverable defect, which the utmost skill and care could neither perceive nor provide against, the railway company must still be held responsible for injury to passengers, on the ground of an absolute liability for every defect. The plaintiff in error in effect contends, that the defendants were warrantors against every accident, but even in the case referred to, Judge Gibson denied this rule. He said of the carrier, he is bound to guard him (the passenger) from every danger which extreme vigilance can prevent. This expresses the true measure of responsibility. He answered a point in these words, "That the company is responsible only for defects discoverable by a careful man after a careful examination and exercise of sound judgment." Thus: "This is true, but were there such an examination and exercise of judgment? The defective construction of the car must have been obvious to the dullest perception," &c. The same rule was laid down in Laing v. Colder, 8 Barr 482. Judge Bell says, it is long since settled that the common-law responsibilities of carriers of goods for hire, do not as a whole extend to carriers of passengers. The latter are not insurers against all accidents.

[Meier *v.* Pennsylvania Railroad Co.]

But though (he says) in legal contemplation they *do not warrant the absolute safety of* their passengers, they are bound to the exercise of the utmost degree of diligence and care. The slightest neglect against which human prudence and foresight may guard, and by which hurt or loss is occasioned, will render them liable in damages. The same doctrine will be found in substance in Railroad Co. *v.* Aspell, 11 Harris 149, and Sullivan *v.* The Philadelphia & Reading Railroad Co., 6 Casey 234, and in other cases. In all the Pennsylvania cases, it will be found that negligence is the ground of liability on the part of a carrier of passengers. Absolute liability requires absolute perfection in machinery in all respects, which is impossible.

The utmost which human knowledge, human skill and human foresight and care can provide, is all that in reason can be required. To ask more is to prohibit the running of railways, unless they possess a capital and surplus which will enable them to add a new element to their business, that of insurance. Nor can we carry the requirement beyond the use of known machinery and modes of using it. Railroads must keep pace with science and art and modern improvement, in their application to the carriage of passengers, but are not responsible for the unknown as well as the new. The rule laid down by the learned judge, in the language quoted in the second assignment of error, is a correct summary of the law. The rule of responsibility differs from the rule of evidence. Primâ facie, where a passenger, being carried on a train, is injured without fault of his own, there is a legal presumption of negligence, casting upon the carrier the onus of disproving it: Laing *v.* Colder, 8 Barr 482; Sullivan *v.* Philadelphia & Reading Railroad Co., 6 Casey 234; Shearman & Redfield on Negl. § 280; Redfield on Railways, § 1760, and notes. This is the rule when the injury is caused by a defect in the road, cars, or machinery, or by a want of diligence or care in those employed, or by any other thing which the company can and ought to control as a part of its duty, to carry the passengers safely; but this rule of evidence is not conclusive. The carrier may rebut the presumption and relieve himself from responsibility by showing that the injury arose from an accident which the utmost skill, foresight and diligence could not prevent.

We think none of the errors assigned are sustained, and the judgment is therefore affirmed.