# Niebalski, Appellant, *v.* Pennsylvania Railroad Company.

*Negligence—Railroads—Passengers—Collision—Presumption of defendant's negligence—Duty of defendant to show contributory negligence.*

1. Where a passenger on a railroad train is injured by any accident connected with the means or appliances of transportation, such as a collision of a train on which he is riding with another train on the same track, a presumption arises that such accident must have resulted from some negligent act of omission or commission of the railroad company without which the accident would not have occurred.

2. Where a passenger on a railroad train is injured in a collision between two trains on the same track, the presumption of the defendant's negligence arises from the fact that such accident happened independently of anything that the passenger may or may not have done. In an action for the injuries sustained therefor, the passenger is not required to show that he was not guilty of contributory negligence before the presumption of the defendant's negligence will arise. If the plaintiff's case is free from contributory negligence but the defendant relies on the plaintiff's negligence to defeat recovery, he must establish this fact as a matter of defense to the satisfaction of the jury.

3. Where a passenger on a train while walking from the lavatory to his seat in the sleeping car, was thrown to the floor and severely injured in consequence of the collision of the train with another train on the same track, the court erred in refusing to affirm a point which charged the jury that "where a passenger on a railroad car is injured by a collision between the train in which he is riding with another train on the same track, the presumption of negligence on the part of the company carrying the passenger arises" and a verdict and judgment for defendant was reversed.

4. In such case it was error for the court to instruct the jury that unless they found from the evidence that the defendant company was negligent and the specific manner in which it was negligent, the plaintiff could not recover.

Argued April 27, 1915. Appeal, No. 164, Jan. T., 1915, by plaintiff, from judgment of C. P. Erie Co., Feb. T., 1914, No. 62, on verdict for defendant in case of Sew-

yern Niebalski v. Pennsylvania Railroad Company, a corporation.    Before MESTREZAT, ELKIN, STEWART, MOSCHZISKER and FRAZER, JJ.    Reversed.

Trespass to recover damages for personal injuries. Before BENSON, J.

The facts appear in the opinion of the Supreme Court.

Verdict for defendant and judgment thereon.    Plaintiff appealed.

*Errors assigned* were various instructions to the jury.

*C. F. Haughney* and *J. R. Haughney,* for appellant.

*N. P. Rossiter,* of *Rossiter, Thompson & Rossiter,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, May 17, 1915:

This is an action of trespass brought by the plaintiff to recover damages for injuries which he sustained while a passenger on the defendant's train.    The plaintiff purchased a ticket for passage over the defendant's road from Baltimore, Maryland, to Erie, Pennsylvania.    He left Baltimore on the evening of January 24, 1913, and occupied a berth in one of the sleeping cars.    The following morning he left his berth about seven o'clock, while the train was standing at a point about three miles east of Kane, Pennsylvania, and went forward in the car to the lavatory.    On his return to the berth he found it made up and before taking his seat, and while he was in the aisle, a collision occurred between the train and one of the defendant's yard engines which resulted in throwing the plaintiff to the floor of the car and he was severely injured.    The train had stopped on a heavy grade and was unable to proceed by reason of the slippery condition of the rails.    The conductor telephoned to the defendant's yard-master at Kane to send him an extra engine to assist in getting the train up the grade to Kane station,

and as the engine proceeded on the descending grade toward the train, the engineer lost control of it and the collision occurred between it and the engine hauling the train.

The case was submitted to the jury by the learned trial judge and the verdict was for the defendant. The plaintiff has taken this appeal. The first, second, third, fifth and sixth assignments of error must be sustained. In his first point for instruction, the plaintiff requested the court to charge the jury that "where a passenger in a railroad car is injured by a collision of the train in which he is riding with another train on the same track a presumption of negligence on the part of the company carrying the passenger arises." The point and the negative answer were read to the jury. The reason for denying the instruction, as subsequently stated by the learned judge in his opinion overruling the motion for a new trial, was that "we are of opinion that as a matter of law, it is too far reaching and would lead to confusion on the part of the jury when taken in connection with the instructions given in the general charge. To bring the point within the law as we understand it, it would be necessary to make the additional statement that the injury was without any fault on the part of the passenger before the legal presumption of negligence could arise." The point correctly states the law and should have been affirmed without qualification. We need not discuss the reasons of the rule, as it is firmly established by a long line of our decisions. In Meier v. Pennsylvania R. R. Co., 64 Pa. 225, AGNEW, J., delivering the opinion said, inter alia (p. 230) : "This is the rule (that a presumption of negligence arises from the accident) when the injury is caused by a defect in the road, cars, or machinery, or by a want of diligence or care in those employed, or by any other thing which the company can and ought to control as a part of its duty, to carry the passengers safely; but this rule of evidence is not conclusive. The carrier may rebut the presumption and relieve himself

from responsibility by showing that the injury arose from an accident which the utmost skill, foresight and diligence could not prevent." In Pennsylvania R. R. Co. v. MacKinney, 124 Pa. 462, 471, speaking through Mr. Justice STERRETT, we said: "When a passenger is injured by any accident connected with the means or appliances of transportation, there naturally arises a presumption that it must have resulted from some negligent act of omission or commission of the company or some of its employees, because, without some such negligence, it is very improbable that the accident would have occurred." The same doctrine is announced in Thomas v. Philadelphia & Reading R. R. Co., 148 Pa. 180, where it is said by Chief Justice PAXSON delivering the opinion (p. 183): "The rule appears to be that, where a passenger is injured, either by anything done or omitted by the carrier, its employees, or anything connected with the appliances of transportation, the burden of proof is upon the carrier to show that such injury was in no way the result of its negligence. But to throw this burden upon the carrier, it must first be shown that the injury complained of resulted from the breaking of machinery, collision, ......or something improper or unsafe in the conduct of the business, or in the appliances of transportation." The reason of the rule is clearly stated by Mr. Justice WILLIAMS in Herstine v. Lehigh V. R. R. Co., 151 Pa. 244, and in concluding he says (p. 253): "When an accident occurs therefore the presumption is that it is due to the want of care in construction, repair or management, and the burden of showing its own freedom from fault is on the carrier."

In the present case the plaintiff's injuries resulted from a collision between the defendant's train and one of its yard locomotives. A presumption of negligence, therefore, clearly arose which the defendant was required to rebut. It arises from the act of the carrier and not from anything which the plaintiff does or fails to do. Whatever he may or may not do cannot prevent

the presumption of negligence arising when an accident results from a defective means of transportation or from a failure on the part of the company or its employees to perform some duty in the transportation of the passenger. The plaintiff can control his own action, but not the presumption which arises from the negligent act of the carrier. The proposition of law contained in the point was, therefore, correct and the presumption of negligence arose without regard to the plaintiff's negligence.

The plaintiff's contributory negligence was a matter of defense, and it was incumbent on the defendant to establish it to the satisfaction of the jury. All that he was required to do in the first instance to entitle him to recover was to show the negligence of the defendant without disclosing his own negligence which contributed to the accident. When he had shown that he was a passenger on the defendant's road and had been injured by a collision, a presumption of actionable negligence arose for which the defendant was liable. If his testimony had disclosed negligence on his part it would have prevented a recovery. If, however, his contributory negligence was not disclosed by his testimony, the burden was cast on the defendant, and failing to meet it, the plaintiff was entitled to a verdict. Contributory negligence is a matter of defense and, unless disclosed by the plaintiff's evidence, must be shown by the defendant. As observed above, it in no way affects the rule that a presumption of negligence arises when an accident to a passenger occurs resulting from a defective means or appliance of transportation or from a failure of performance of duty on the part of the company or its employees.

The learned court instructed the jury in answer to defendant's eighth point, which is the subject of the third assignment of error, that unless the jury found from the evidence that the defendant company was negligent, and the specific manner in which it was negligent, the plaintiff could not recover. Had this been an action by an employee against an employer to recover damages for in-

juries sustained while performing his service, the instruction would have been correct: Higgins v. Fanning & Co., 195 Pa. 599; Spees v. Boggs, 198 Pa. 112. That is the rule applicable in such cases, but not in actions brought by a passenger against a carrier. In the latter class of cases, as pointed out above, where an injury occurs from a collision as in the present case, the plaintiff is not required to show any specific act of negligence, but may rest his case entirely upon the presumption of negligence.

We think there is merit in the fifth assignment and the court was in error in that part of its charge, the subject of that assignment. It is true the plaintiff's negligence was a question of fact to be determined by the jury, but we fail to discover any evidence which would warrant the jury in finding that the plaintiff was careless in passing to or from the lavatory, or while he was standing in the aisle when the collision occurred. It may be that we have overlooked that part of the evidence, but unless there was some testimony on which the jury could find the plaintiff was negligent in passing through the car the charge was erroneous. We need not discuss the sixth assignment as the matter complained of was not defended in the argument at bar.

From their printed brief, the learned counsel for the defendant appear to regard this appeal as having been taken by them and not by the plaintiff. We cannot consider on this appeal the numerous errors which they allege the court committed against their client. We are now confined to a review of the errors which the plaintiff claims the learned court committed against him in the trial of the cause and which he claims caused a verdict for the defendant.

The judgment is reversed with a venire facias de novo.