## Bickley, Appellant, v. Philadelphia & Reading Railway Company.

*Negligence—Railroads—Carriers—Passengers—Injury to passengers—Passenger boarding train—Presumption of negligence—Burden of proof—Proof of employment—Contributory negligence.*

1. A carrier of passengers, having impliedly invited the public to enter its cars, is required to exercise the highest degree of care and diligence in protecting them while they are in the act of ascending the steps and going into the body of the car.

2. When an injury to a passenger on a railroad train is caused by a defect in the shed, cars, or any other appliance, or by the lack of diligence or care in the carrier or its employees, or by any other thing which the carrier can and ought to control as part of its duty to carry passengers safely, a legal presumption of negligence arises casting upon the carrier the onus of disproving it.

3. In an action to recover damages for injuries sustained by plaintiff on the steps of a railroad car, it appeared that plaintiff had a mileage book and intended to take a train at defendant's station; that she was admitted through the gates leading to the station platform and as she ascended the steps of a car, belonging to the train which she desired to take, she saw a man dressed in overalls standing on the car platform working at the ceiling of the car; that when she reached the step below the platform she received a heavy blow on the right side of her head, and the workman said, "oh, excuse me, I didn't see you coming up the steps," and took her arm and placed her in the car; that plaintiff suffered permanent injuries as a result of the blow. Defendant contended that there was no evidence to show that the blow had been caused by the workman, or that the workman was in defendant's employ, and further contended that plaintiff was guilty of contributory negligence in entering a car where she saw a workman engaged in work. The trial judge entered a compulsory nonsuit, which the court in banc subsequently refused to take off. *Held,* that the case was for the jury, and the order was reversed.

4. It is immaterial that the injury was caused by an unidentified

object, as the place and circumstances of the accident show that it resulted from the failure to exercise the care required of the carrier to protect the passenger.

Argued Jan. 11, 1917. Appeal, No. 160, Jan. T., 1916, by plaintiff, from order of C. P. No. 4, Philadelphia Co., March T., 1914, No. 3349, refusing to take off nonsuit, in case of Mary M. Bickley v. Philadelphia and Reading Railway Company. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before CARR, J.

The opinion of the Supreme Court states the facts.

The trial judge entered a compulsory nonsuit, which the court in banc subsequently refused to take off. Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*Eugene Raymond,* with him *John Martin Doyle,* for appellant.—The plaintiff was a passenger; the defendant owed her the highest degree of care and if an accident resulted to her from its instrumentalities, the presumption of defendant's negligence arose: Powell v. Philadelphia & Reading Ry. Co., 220 Pa. 638; Rhoads v. Cornwall & Lebanon R. R. Co., 48 Pa. Superior Ct. 310.

The blow received by the plaintiff could not have had any other presumptive origin than in the operations of the defendant within its train shed.

The workman on the platform of the car took upon himself the blame for plaintiff's accident; and he was presumptively an employee of the defendant: Madara et ux. v. Shamokin & Mt. Carmel Electric Ry. Co., 192 Pa. 542.

The circumstances of plaintiff's injury bring it within the rule that when injury results from the means and appliances of transportation, the carrier is presumed to

be negligent: Fox v. Philadelphia, 208 Pa. 127; Fern v. Penna. R. R. Co., 250 Pa. 487; Booth v. Dorsey, 208 Pa. 276; Ahern v. Melvin, 21 Pa. Superior Ct. 462.

*Wm. Clarke Mason,* for appellee.—In a case of this character the burden of proving negligence is upon the plaintiff: Bradley v. Lake Shore & Mich. Southern Ry. Co., 238 Pa. 315; Wall v. Lit, 195 Pa. 375; Green v. Balto. & Ohio R. R. Co., 214 Pa. 240; Ginn v. Penna. R. R. Co., 220 Pa. 552.

OPINION BY MR. JUSTICE MESTREZAT, April 16, 1917:

This is an action of trespass to recover damages for injuries which the plaintiff alleges were caused by the negligence of the defendant carrier when she was entering one of its coaches at the Reading Terminal station in the City of Philadelphia. The learned trial judge granted a nonsuit which the court refused to remove, and the plaintiff has appealed.

The plaintiff was the only witness examined, and from her testimony it appears that on the morning of February 5, 1914, she went to the Reading Terminal to take the 10:15 train for Quakertown. She had a mileage book, and on her arrival at the station went directly from the first to the second or train-shed story of the building. The gates in the iron grating separating the train shed from the station proper had been opened to admit passengers to the train, and the plaintiff entered the gate on the east side and passed along the station platform until she reached the rear end of the third car from the engine, other cars of the train standing in the rear of it. As she approached the car, she saw the lower part of the legs of a man standing on the car platform. On ascending the steps, she looked up and saw that the man was dressed in overalls, with a cap on, and was reaching up and doing work on the ceiling of the car. When she reached the first step below the platform, she was "struck with a heavy blow" on the right

.side of her head, and the workman said, "oh, excuse me,
I didn't see you coming up the steps," and took hold of
her arm and put her in the first seat of the car.    She was
stunned by the blow and her head was cut, "everything
became black in front of me," her hat pins were bent and
broken, her hair pins and a great deal of her hair were
torn out.    She reported the accident to the conductor
when he came for her fare near Wayne Junction.    She
suffered intensely from the blow which resulted in
her permanent injury.    This, in brief, is substantially
how the accident occurred and its effect on the plaintiff.

While admitting that, at the time she was injured, the
plaintiff was lawfully on the premises of the defendant
company by its invitation and as its passenger, and en-
titled to the highest degree of care and foresight which
the law requires of a carrier for protection of its passen-
gers, the learned court below held that the burden of
proving negligence was upon the plaintiff and that negli-
gence would not be presumed from the happening of the
accident; and further that the plaintiff was guilty of
contributory negligence in proceeding up the steps of the
car in spite of the fact that she saw someone above her
apparently engaged in work in such a position that some-
thing might happen to her if she proceeded further.

The plaintiff contends that she was a passenger; that
if an accident resulted to her from the instrumentalities
of the defendant a presumption of its negligence arose;
that the blow received could not have had any other pre-
sumptive origin than in the operations of the defendant
within its train shed; that the workman, by his remark,
assumed the blame for the accident and he was presump-
tively an employee of the defendant; that the circum-
stances of the injury bring it within the rule that when
injury results from the means and appliances of trans-
portation, the carrier is presumed to be negligent; and
that the plaintiff was not guilty of contributory negli-
gence.

The defendant's counsel claims that there are no facts

upon the record, as disclosed by the evidence, to show what it was that hit the plaintiff, where it came from, who had control over it, or that the man on the car platform was in the employ of the defendant, and that the plaintiff was guilty of contributory negligence.

It is conceded by the court below as well as by counsel for the appellee, as will be observed, that the plaintiff stood in the relation of passenger to the carrier when she was injured. At the time of the accident the plaintiff had a mileage book, and the defendant had invited her to enter its train by announcing it and opening the gates for her and other passengers to pass into the train shed. We do not agree with the defendant's contention that the evidence was not sufficient to warrant the jury in finding that the man at work on the car platform was engaged in the company's service. The testimony of the plaintiff shows that persons could not enter the train shed from the station until the gates in the iron grating were opened for that purpose. It is, therefore, a reasonable inference that anyone within the train shed is there by permission of or on business for the defendant. The man on the car platform was wearing overalls and a cap and was engaged in doing work on the ceiling of the platform. In addition to these facts, the remark made by the workman to the plaintiff when the accident occurred tends also to show that he was an employee of the defendant and, further, that his act while engaged at the work on the platform ceiling caused the injury to the plaintiff. We think, therefore, that this evidence was sufficient, not only to justify its submission to the jury but also to warrant the conclusion that the man engaged at work on the platform ceiling was an employee of the defendant. The train was awaiting its early departure, and we must assume that the trainmen, operating and in charge of it, knew of the presence of the man who was doing the work on the platform ceiling. No other reasonable inference can be drawn from the facts. It is not conceivable that they would have permitted the

man to do the work unless they knew it was being done by direction of the company. It is common knowledge that car cleaners and other workmen are frequently engaged about the cars immediately before the departure of the train. We think, therefore, that the learned court below should have submitted the evidence, bearing on this question, to the jury to determine whether or not the man working on the platform was an employee of the defendant. He was there apparently by the authority of the company, and if he was a mere intruder or was there without authority and was not an employee of the defendant, the latter knew the fact and could have readily shown it. The evidence of the plaintiff was sufficient to raise a presumption that the workman was in the service of the company, and defendant should have been required to rebut it. The case of Madara et ux. v. Shamokin & Mt. Carmel Electric Ry. Co., 192 Pa. 542, is in point. The plaintiff was a passenger on a stalled electric street car, and another car being brought to its relief got beyond control and collided with the stalled car. The defense was that the man in charge of the relief car which caused the accident was a mere intermeddler and not an employee of the defendant. This court held that the evidence of the plaintiff was sufficient to require the defendant to rebut the presumption of employment. The court, speaking by Mr. Justice DEAN, said (p. 547) : "The burden is on it [the carrier] to rebut the presumption by showing that Visick [who was operating the relief car] was a mere intruder upon the relieving car, acting wholly without authority. The burden is not upon the passenger to prove that one apparently in authority, having access to the car barn, and the power to assume control of a car and run it on the road to the relief of the stalled car, was a servant of the company." A like question was presented in Dunne v. Penna. R. R. Co., 249 Pa. 76, and, under facts not as favorable to the plaintiff as in the case at bar, it was held that there was sufficient evidence to send the question to the jury and to

support a finding that the person was an employee of the carrier company.

The plaintiff being a passenger, and assuming that the jury would have found that the workman was employed by the defendant, we think the circumstances raised a presumption of negligence on the part of the defendant company which it was required to rebut. A common carrier must exercise the highest degree of care, vigilance and precaution in the transportation of passengers; and a legal presumption of negligence arises, casting upon the carrier the onus of disproving it, when an injury to a passenger is caused by a defect in the road, cars or any other appliance, or by a want of diligence or care in the carrier or its employees, or by any other thing which the carrier can and ought to control as a part of its duty to carry passengers safely. This is the rule established by our decisions: Meier v. Penna. R. R. Co., 64 Pa. 225; Niebalski v. Penna. R. R. Co., 249 Pa. 530; Fern v. Penna. R. R. Co., 250 Pa. 487. Safe means and appliances which are required to be furnished for the transportation of passengers include the steps, doors, platform, and seats which constitute a part of the vehicle, and a failure to keep and maintain them in safe condition, resulting in injury to a passenger, raises a legal presumption of negligence which the carrier must rebut.

Applying this rule to the case in hand, the plaintiff's proof showed such an injury as raised a presumption of negligence on the part of the carrier. The injury resulted from the failure of the carrier or its employees to provide safe access to the body of the car. This was a failure of duty, and, therefore, a negligent act. The matter was entirely under the control of the carrier, and the failure to protect the plaintiff, while entering the car, was a failure to carry safely which the law requires. It is immaterial whether the injury was caused by a fall of some part of the ceiling or by a tool or other object being used by the workman in doing his work on the ceil-

ing. The carrier, having impliedly invited the plaintiff to enter the car, was required to exercise the highest degree of care and diligence in protecting her while she was in the act of ascending the steps and going into the body of the car. The act which resulted in the plaintiff's injury was not disconnected from her transportation, and, therefore, is not within the class of cases which hold that the carrier is not responsible. It is immaterial that the injury was caused by an unidentified object, as the place and circumstances of the accident show that it resulted from the failure to exercise the care required of the carrier to protect the passenger. There is no ground for a suspicion even that the blow received by the plaintiff was from an object cast from outside the car; on the other hand, it is obvious that the object which caused the plaintiff's injury fell from the ceiling of the car platform, or that the injury was inflicted by a tool or other object in the hands of the man while engaged at his work. His apologetic remark also shows that fact, and that he knew what did strike and cause the injury to the plaintiff. The evidence in the case shows that the injury was due either to a defect in the car or some appliance thereof or to something done or omitted in the conduct and management of the business, and, therefore, raises a presumption of negligence on the part of the defendant carrier.

Whether or not the plaintiff was guilty of contributory negligence was clearly for the jury. As she approached the car she saw the legs of the man standing on the car platform, but, as she testifies, she did not see that he was at work until she had reached the second step where she received her injury. She had the right to assume that the carrier had performed its duty in making the approach to the car safe, but whether the workman's presence on the car platform was an indication of danger and she should have entered another car were questions to be determined by the jury.

The judgment is reversed with a procedendo.