# Finnegan *v.* Delaware River Ferry Company, Appellant.

*Negligence—Carriers—Ferry company — Passenger — Presumption—Injury to instrument of transportation.*

In an action by a passenger against a carrier to recover damages for personal injuries where the evidence shows that the injury was connected with one of the appliances of transportation, a presumption of negligence arises which it is the duty of the defendant to overcome.

Where in an action against a ferry company by a passenger to recover for personal injuries, it appears that the plaintiff when going upon a ferry boat was injured by the gangplank suddenly rising and striking her, and that after the accident there was found a newly-made scratch, or cut upon the floor of the slip indicating that the gangplank had moved twelve or fourteen inches out of its accustomed place, a presumption of negligence arises against the defendant, in the absence of any proof as to what caused the movement of the plank.

Argued Oct. 5, 1917.   Appeal, No. 61, Oct. T., 1917, by defendant from judgment of C. P. No. 2, Philadelphia Co., Dec. T., 1914, No. 2570, on verdict for plaintiff in case of Mary E. Finnegan v. The Delaware River Ferry Company of New Jersey.   Before ORLADY, P. J., HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before STAPLES, J.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,500.   Defendant appealed.

*Error assigned* was in refusing defendant's motion for judgment n. o. v.

*Wm. Clarke Mason,* for appellant.—A general custom of the persons or corporations engaged in a given business, to conduct their business in a given way and with given means, would seem to afford the most satisfactory evidence in support of the conclusion that they were conducting it with ordinary care: Iron Ship Building Works v. Nuttall, 119 Pa. 149; Lehigh, Etc., Coal Co. v. Hayes, 128 Pa. 294; Titus v. Bradford, Etc., R. R. Co., 136 Pa. 618; Canavan v. Oil City, 183 Pa. 611; Kilbride v. Carbon Diopide, Etc., Co., 201 Pa. 552.

The rule thus stated generally, when applied to the facts in this case, shows that the plaintiff has failed to establish the burden of proving in rebuttal that the defendant did not adopt the same means used by others in the same line of business: Seddon v. Bickley, 153 Pa. 271; Amos.v. Del. River Ferry Co., 228 Pa. 362; Lapinco v. Philadelphia & Reading Ry. Co., 257 Pa. 344.

*Francis M. McAdams,* with him *Harry P. Felger* and *William H. Wilson,* for appellee.—There was a presumption of negligence: McBride v. McNally, 243 Pa. 206; Amos v. Del. River Ferry Co., 228 Pa. 362; Fern v. Penna. R. R. Co., 250 Pa. 487; Laing v. Colder, 8 Pa. 479; Shafer v. Lacock, 168 Pa. 497.; Beamer v. P. & R. Ry. Co., 50 Pa. Superior Ct. 211; Bickley v. P. & R. Ry. Co., 257 Pa. 369; Mack v. Pitts. Rys. Co., 247 Pa. 598; Tilton v. Philadelphia R. T. Co., 231 Pa. 63; Fox v. City of Philadelphia, 208 Pa. 127; McCafferty v. Penna. R. R. Co., 193 Pa. 339; Herstine v. Leh. Val. R. R. Co., 151 Pa. 244; Gillis v. Penna. R. R. Co., 59 Pa. 129; Laing v. Colder, 8 Pa. 479; Fox v. City of Philadelphia, 208 Pa. 127; Booth v. Dorsey, 208 Pa. 276; Ahern v. Melvin, 21 Pa. Superior Ct. 462.

OPINION BY TREXLER, J., December 13, 1917:

A common carrier must exercise the highest degree of care, vigilance and precaution in the transportation of passengers and a legal presumption of negligence arises casting upon the carrier the onus of disproving it when an injury to a passenger is caused by a defect in the road, cars or other appliances or by a want of diligence or care in the carrier or its employees or by any other thing which the carrier can and ought to control as a part of its duty to carry passengers safely: Meier v. Penna. R. R. Co., 64 Pa. 225; Fern v. Penna. R. R. Co., 250 Pa. 487; Bickley v. P. & R. Ry. Co., 257 Pa. 369. With this duty is the obligation to furnish safe means of egress and ingress: Mack v. Pittsburgh Rys. Co., 247 Pa. 598, and a displacement or disarrangement of the means of egress such as of a platform of a passenger car which results in injuries to the passengers is sufficient to raise a presumption of negligence: Fern v. Penna. R. R. Co., supra.

In the case we are considering, plaintiff was a passenger on defendant's ferry boat. When she was leaving the slip at Camden, N. J., and was about to step upon the gangplank provided by the defendant, the end of the plank was suddenly raised and sliding back, struck the plaintiff on her foot, knocking her down and severely injuring her. The place of the accident was dimly lighted. After the occurrence there was found a newly made scratch or cut upon the floor of the slip indicating that the gangplank had moved twelve or fourteen inches. The plank was level so as to, under ordinary conditions, make perfect contact between the slip and the boat, and the ends were beveled so that there was no stumbling place afforded. There was some evidence that the boat and the slip were practically on the same level. It was shown that the gangplank was of the same kind as was used on other boats.

We think the character of the accident, under all the circumstances, was such as to warrant the jury in find-

ing that either in the placing of the plank or in the control of the boat or slip someone failed in his duty.    We can only surmise what caused the movement of the plank.   Certainly the ordinary plank properly placed would not be raised upward and projected forward as described and in the absence of any explanation the jury might legitimately draw an inference of negligence from the occurrence.   It was very unusual and not likely to happen if the appliances were proper and used in a proper manner.   The injury being connected with one of the appliances of transportation there was a presumption of negligence which it was the duty of the defendant company to overcome.

The judgment is affirmed.