# Johnston *v.* Director General, Appellant.

*Negligence—Railroads—Passenger—Instruments of transportation—Presumption — Evidence — Vestibule platform — Alighting from train.*

1. Any disarrangement or displacement of a platform of a railroad car, which results in injury to a passenger, when alighting, is presumptive evidence of negligence on the part of the railroad company.

2. In an action against a railroad company by a passenger who was injured on reaching her destination, by falling through an open trapdoor in the vestibule platform of the car, while passing from the car to the station platform, a presumption of negligence arises against the company, and the case is for the jury, where it appears that the trapdoor, for some unexplained reason, suddenly sprang up, as the passenger immediately ahead of plaintiff stepped from the car to the platform.

3. In such case the presumption arises, although there is no evidence, that the trapdoor was defective or broken, inasmuch as it was connected with the means of transportation.

Argued March 16, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 3, March T., 1926, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1921, No. 1933, on verdict for plaintiff, in case of Mary Johnston v. Director General of Railroads, John Barton Payne, operating the Pennsylvania System. Affirmed.

Trespass for personal injuries. Before CARPENTER, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $5,000. Defendant appealed.

*Error assigned* was refusal of motion for judgment n. o. v., quoting record.

*Robert D. Dalzell,* of *Dalzell, Fisher & Dalzell,* for appellant.—The mere happening of an accident without showing it to have been in some way connected with the means of transportation is not sufficient to raise a presumption of negligence against the carrier: Laing v. Colder, 8 Pa. 479; Thomas v. R. R., 148 Pa. 180; Herstine v. R. R., 151 Pa. 244; Cline v. Rys. Co., 226 Pa. 586; Cawley v. R. R., 44 Pa. Superior Ct. 340; Mulligan v. Traction Co., 241 Pa. 139; Zenzil v. R. R., 257 Pa. 473.

*W. Clyde Grubbs,* with him *J. Weinman Cratty,* for appellee.—In this case the carrier failed to keep and maintain the car platform in a safe condition; this fact cast the burden on the carrier to disprove negligence: Bickley v. R. R., 257 Pa. 369; Fern v. R. R., 250 Pa. 487.

OPINION BY MR. JUSTICE FRAZER, April 12, 1926:

Plaintiff, a passenger on a local vestibuled train of defendant company leaving the City of Pittsburgh at 5:35 on the evening of December 13, 1918, was injured, on reaching her destination, by falling through an open trapdoor in the vestibule platform of the car, while passing from the car to the station platform. She recovered a verdict for $5,000 and, upon the court below discharging defendant's rule for judgment notwithstanding the verdict; and entering judgment thereon, this appeal followed.

The accident occurred at Wilkinsburg, where the station platform is elevated and level with the platform of vestibuled passenger coaches, and, in entering or leaving cars of that description, passengers, instead of using the steps to reach the station platform, pass over a trapdoor, covering the steps, directly to the station floor. Trapdoors on coaches of this description are held in place by a spring lock or catch which is released by a push lever located near the edge of the door. On pressing the lever downward with the foot, the catch is

opened, and the trapdoor automatically rises and folds back against the end of the car, allowing ingress and egress by the car steps at points where the station floor is below that of the car platform. If the vestibule door is closed, the trapdoor is prevented from rising, and if open it remains in place, if properly locked or the catch is not defective, until pressure is placed on the releasing lever.

Plaintiff testified that upon the train stopping at Wilkinsburg she passed down the aisle to the vestibule platform, following two or three other passengers, who in leaving the car crossed over the trapdoor to the station platform, that "The man ahead of me was a distance of about three feet, and just as I was in the act of stepping onto the door, it came up and I went down on the steps," and "as the last man passed over the door ahead of me, the door came up" and further that after other passengers had assisted her from between the cement wall of the platform and the car steps "the door was just swinging on a balance." Although she admitted not having seen the door rise, it appears the passengers who preceded her had crossed over it in safety and that it raised, as plaintiff was in the act of stepping on it; the conclusion necessarily follows that for some unexplained reason the door suddenly sprang up as the passenger ahead of plaintiff stepped from the car to the station platform.

An employee of defendant testified the trapdoor was inspected immediately after the accident and the lock or catch found to be in proper condition. The vestibule outer door, if not opened by an employee of defendant, might have been opened by the passenger who first left the car ahead of plaintiff; this, however, would not release the trapdoor and permit it to rise. To lift it, if the catch is in proper condition and securely locked, pressure must be applied to the spring lock which holds it in place. While there is evidence that occasionally the spring lock is released by a passenger stepping on it

when leaving the car, we find no evidence that such was the cause of its release in the present case.   Whether the trapdoor was freed by the foot of a passenger crossing over it, or owing to the lock being defective or because it had not been properly closed and was released by the jarring of passengers going over the door does not appear from the testimony.

Under the evidence, however, the cause of the accident was one connected with the means of transportation, inasmuch as the trapdoor must necessarily be crossed over by passengers in entering and leaving a vestibuled car at points where the station platform is elevated to a level with the car floor as it is at Wilkinsburg.

In Bickley v. Philadelphia & Reading Railway Co., 257 Pa. 369, 375, we said, "A common carrier must exercise the highest degree of care, vigilance and precaution in the transportation of passengers; and a legal presumption of negligence arises, casting upon the carrier the onus of disproving it, when an injury to a passenger is caused by a defect in the road, cars, or any other appliance, or by want of diligence or care in the carrier or its employees, or by any other thing which the carrier can and ought to control as a part of its duty to carry passengers safely.   This is the rule established by our decisions: Meier v. Pennsylvania R. R. Co., 64 Pa. 225; Niebalski v. Pennsylvania R. R. Co., 249 Pa. 530; Fern v. Pennsylvania R. R. Co., 250 Pa. 487.   Safe means and appliances which are required to be furnished for the transportation of passengers include the steps, doors, platfom and seats which constitute a part of the vehicle, and a failure to keep and maintain them in safe condition, resulting in injury to a passenger, raises a legal presumption of negligence which the carrier must rebut."   And in Fern v. Pennsylvania R. R. Co., 250 Pa. 487, 492, we said: "It is likewise its [a common carrier's] duty not only to furnish safe appliances and means for transportating passengers safely, but also to furnish safe means for their exit at their destination or

at such other proper points on the line of the road as they desire to leave the car.   Any disarrangement or displacement of the car platform which results in injury to a passenger when alighting is presumptive evidence of negligence on the part of the carrier."

Wilkinsburg was the first station after leaving Pittsburgh, having an elevated platform level with the platform of passenger coaches, and at which a trapdoor would be used.   At intermediate stations, at which the train stopped to receive and discharge passengers, the car steps were used for that purpose, and no evidence was offered by defendant tending to show the trapdoor, through which plaintiff fell, was securely fastened and made safe before arrival of the train at Wilkinsburg.

Plaintiff being a passenger, the circumstances resulting in her injury, were ample to raise a legal presumption of negligence on the part of defendant company, which it was required to rebut, by showing the exercise of the care and precaution she was entitled to receive. This, the evidence shows, it failed to do.

The judgment is affirmed.