## Murray et al. v. Philadelphia Rapid Transit Company.

*Negligence—Street railways—Passengers—Getting on car—Steps.*

In an action against a street railway by a passenger for injuries sustained while getting on a car, the case will not be submitted to the jury where the evidence is such that it would be a mere guess on the part of the jury whether plaintiff's injuries were caused by reason of her ankle giving way, or because of a defective door or step on the car.

Memorandum of reasons for refusing a new trial. C. P. No. 2, Phila. Co., June T., 1926, No. 19614.

*Welsh & Winnet*, for plaintiffs; *H. S. Ambler, Jr.*, for defendant.

LEWIS, J., Dec. 7, 1927.—No purpose is served by permitting the jury to pass upon a case where the court, under the evidence and the law, would be compelled to set aside a verdict for the plaintiff. This is such a case.

The plaintiff, Jennie Murray, and we shall speak only of her, fell as she was about to board one of defendant's trolley cars at 29th and Dauphin Streets. Her testimony—and it was unsupplemented by any other evidence on her behalf as to what happened—was that "the step was not down in its proper place; it was about three inches raised; as I stepped up my foot slipped and I turned on my ankle." She said that, as she was boarding the car, she was looking straight ahead and did not look at the step. As she placed her foot on the step, she took hold of the hand-rail and as she did so her feet "slid down." At another place she said her foot "slipped up; it gave away." She stated, under cross-examination, that she had both feet on the step when her right ankle turned and she fell. At this point, she testified for the first time that, as she stood with both feet on the step, "the step went down." The plaintiff mentioned in her testimony, as did the witnesses for defendant, that another woman preceded her on the car, but used the front step, whereas plaintiff used the one next to it.

The motorman and conductor of the trolley car in question were called as witnesses for defendant. They testified that the doors and steps, which were controlled by the same lever, were in perfect condition on the entire trip before the mishap and on two trips immediately after; that the plaintiff said nothing about the step causing her to fall, and refused any assistance.

In addition, two other witnesses were called, including the motorman of the trolley running immediately in the rear of the car plaintiff was boarding, who tested the doors and steps within a few minutes after the accident; they stated the doors opened entirely and that the step dropped perfectly.

Murray et al. *v.* Philadelphia Rapid Transit Company.

The trial judge gave binding instructions for the defendant, because it would have been going beyond any of the authorities of our appellate court to have permitted the jury to guess whether plaintiff's injuries were caused by reason of her ankle giving away or because of a defective door or step on defendant's car. We are fully aware that a carrier must provide proper and safe means of ingress to its cars (Mack *v.* Pittsburgh R. R. Co., 247 Pa. 598; Fern *v.* Pennsylvania R. R. Co., 250 Pa. 487), and understand that any injury to a passenger while boarding the car or alighting therefrom as a result of a defective appliance or disarrangement or displacement of the platform is presumptive evidence of negligence which the defendant must disprove: Johnston *v.* Director General, 286 Pa. 166. Whatever burden the scant testimony of the plaintiff cast on the defendant here was met; there was not a sufficient issue to go to the jury, in our opinion, for any verdict for plaintiff would have been against the evidence.